*EXHIBIT A*

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

Case Number _____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney Alexander J. Behar

Attorney Bar Number 034579

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

_____

_____

Plaintiff's Name(s): (List all)
JANE DOE

Plaintiff's Address:
Can be contacted through Plaintiff's counsel of record

Phone #:          Email Address:

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
UNITED STATES FENCING ASSOCIATION

MAURO HAMZA

DOES 1 through 50

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____        ☐ Tier 1   ☐ Tier 2   ☒ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury*
☐ 102 Property Damage*
☐ 103 Wrongful Death*

**110 TORT NON-MOTOR VEHICLE:**

☒ 111 Negligence*
☐ 112 Product Liability – Asbestos*

☐ 112 Product Liability – Tobacco*
☐ 112 Product Liability – Toxic/Other*
☒ 113 Intentional Tort*
☐ 114 Property Damage*
☐ 115 Legal Malpractice*
☐ 115 Malpractice – Other professional*
☐ 117 Premises Liability*
☐ 118 Slander/Libel/Defamation*

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f 120120

Case No. _____

☒ 116 Other (Specify) <u>Sexual Contact</u> *          (A.R.S. §§1-501, 1-502, 11-1051)

## 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.*          ☐ 123 Hospital*

☐ 122 Physician D.O*          ☐ 124 Other*

## 130 & 197 CONTRACTS:

☐ 131 Account (Open or Stated)*

☐ 132 Promissory Note*

☐ 133 Foreclosure*

☐ 138 Buyer-Plaintiff*

☐ 139 Fraud*

☐ 134 Other Contract (e.g, Breach of Contract)*

☐ 135 Excess Proceeds-Sale*

☐ Construction Defects (Residential/Commercial)*

    ☐ 136 Six to Nineteen Structures*

    ☐ 137 Twenty or More Structures*

☐ 197 Credit Card Debt (Maricopa County Filings Only)*

## 145 & 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation*

☐ 151 Eviction Actions (Forcible and Special Detainers)*

☐ 152 Change of Name

☐ 153 Transcript of Judgment

☐ 154 Foreign Judgment

☐ 158 Quiet Title*

☐ 160 Forfeiture*

☐ 175 Election Challenge

☐ 179 NCC-Employer Sanction Action (A.R.S. §23-212)*

☐ 180 Injunction against Workplace Harassment

☐ 181 Injunction against Harassment

☐ 182 Civil Penalty

☐ 186 Water Rights (Not General Stream Adjudication)*

☐ 187 Real Property *

☐ 145 Special Action against Lower Courts

    (See lower court appeal cover sheet in Maricopa)

☐ 194 Immigration Enforcement Challenge

## 144 & 150-199 UNCLASSIFIED CIVIL:

☐ 144 Administrative Review

    (See Lower Court Appeal cover sheet in Maricopa)

☐ 150 Tax Appeal

    (All other tax matters must be filed in the AZ Tax Court)

☐ 155 Declaratory Judgment

☐ 157 Habeas Corpus

☐ 184 Landlord Tenant Dispute – Other*

☐ 190 Declaration of Factual Innocence (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status

☐ 193 Vulnerable Adult (A.R.S. §46-451)*

☐ 165 Tribal Judgment

☐ 167 Structured Settlement (A.R.S. §12-2901)

☐ 169 Attorney Conservatorships (State Bar)

☐ 170 Unauthorized Practice of Law (State Bar)

☐ 171 Out-of-State Deposition for Foreign Jurisdiction

☐ 172 Secure Attendance of Prisoner

☐ 173 Assurance of Discontinuance

☐ 174 In-State Deposition for Foreign Jurisdiction

☐ 176 Eminent Domain– Light Rail Only*

☐ 177 Interpleader– Automobile Only*

☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)

☐ 183 Employment Dispute – Discrimination*

☐ 185 Employment Dispute – Other*

☐ 198 Verified Rule 27(a) Petition*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License (Maricopa County Filings Only)

☐ 195(b) Amendment of Birth Certificate

☐ 163 Other* _____

          (Specify)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f 120120

Case No. _____

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order     ☐ Provisional Remedy     ☐ OSC          ☐ Election Challenge

☐ Employer Sanction               ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at: https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
12/23/2020 10:36:16 AM
Filing ID 12362102

1  PANISH SHEA & BOYLE LLP
   ALEXANDER BEHAR
2  Arizona Bar No. 034579
   *behar@psblaw.com*
3  11111 Santa Monica Boulevard, Suite 700
   Los Angeles, California 90025
4  Telephone: 310.477.1700
   Facsimile: 310.477.1699
5
   THE SIMPSON TUEGEL LAW FIRM
6  3301 Elm Street
   Dallas, Texas 75226
7  (214) 774-9121
   (214) 939-9229 fax
8  Michelle Simpson Tuegel
   (Pro Hac Vice Pending)
9
   Attorneys for JANE DOE
10
              **SUPERIOR COURT OF THE STATE OF ARIZONA**
11
                        **COUNTY OF MARICOPA**
12
13  JANE DOE,                          Case No. CV2020-017055
14            Plaintiff,               **PLAINTIFF'S COMPLAINT FOR
                                       DAMAGES**
15       v.
                                       **1. SEXUAL CONDUCT OR
16  UNITED STATES FENCING                 CONTACT**
    ASSOCIATION, MAURO HAMZA,
17  and DOES 1 through 50, Inclusive,  **2. NEGLIGENCE**

18            Defendant.               **3. NEGLIGENCE PER SE**

19

20

21

22

23

24       Plaintiff, through undersigned counsel, alleges as follows:
25                    **JURISDICTIONAL ALLEGATIONS**
26       1.    Plaintiff JANE DOE is U.S. citizen currently residing in Vietnam.
27  Plaintiff brings this action as JANE DOE to protect her privacy given the sexual and
28

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

graphic nature of the allegations herein.

2.      Defendant United States Fencing Association [hereinafter, "USA Fencing"] is the recognized National Governing Body for the sport of fencing in the United States and is a non-profit corporation.  Defendant USA Fencing is a Colorado entity with its principal place of business  located at 210 USA Cycling Point, Suite #120, Colorado Springs, CO 80919.  Defendant USA Fencing does business and conducts continuous and systemic activities in Arizona, including but not limited to its Arizona Division, which offers paid memberships to Arizona residents and routinely holds events in and around the Phoenix area. See http://www.azfencingdivision.org/. This includes the operation, coordination, and/or association with the following fencing clubs:  Arizona Fencing Center ( 1905 South Macdonald Ste 5, Mesa, AZ 85210); Arizona State University Fencing Club (Arizona State University, Tempe, AZ 85281); Fencing For All Foundation (1905 South Macdonald Ste 5, Mesa, AZ 85210); Phoenix Falcons (1522 E. Pierson St., Phoenix, AZ 85016).

3.      Defendant Mauro Hamza [hereinafter, "Hamza"] is a fencing coach who has an extensive history of involvement with USA Fencing. Defendant Hamza has served as the former Gulf Coast Division chairman of USA Fencing. Defendant Hamza was later hired to act as the National Coach of the men's foil program.  This court has specific personal jurisdiction over Defendant Hamza as his tortious actions, as explained in greater detail below, occurred in Phoenix, Arizona. Further, the acts he committed were during the course and scope of his duties while employed by Defendant USA Fencing.

4.      At all times relevant to this action, Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants USA Fencing, Hamza, and DOES 1 through 50, inclusive, (collectively, "Defendants") and each of them, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of

PANISH SHEA & BOYLE LLP
1111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1 said agency, employment, and/or venture, and that each and every defendant, as
2 aforesaid, when acting as a principal, was negligent in the selection and hiring of each
3 and every other defendant as an agent, servant, employee, successor in interest, and/or
4 joint venturer.

5       5.      The Maricopa County Superior Court has the legal authority to hear and
6 decide this case because this action is based in Tort, arising from sexual assault which
7 occurred in Maricopa County, Arizona.   Therefore, this Court has territorial
8 jurisdiction, and Maricopa County is a proper venue, pursuant to Ariz. Rev. Stat. Ann.
9 § 12-401(10).

10       6.      The Superior Court has subject matter jurisdiction pursuant to Ariz.
11 Const. art. VI, § 14.

12       7.      The true names and capacities, whether individual, plural, corporate,
13 partnership, associate, or otherwise, of DOES 1 through 50, inclusive, are unknown
14 to plaintiff who therefore sues said defendants by such fictitious names.  The full
15 extent of the facts linking such fictitiously sued defendants is unknown to plaintiffs.
16 Plaintiff is informed and believe, and thereon allege, that each of the defendants
17 designated herein as a DOE was, and is, negligent, or in some other actionable
18 manner, responsible for the events and happenings hereafter referred to, and thereby
19 negligently, or in some other actionable manner, legally, actually, and proximately
20 caused the hereafter described injuries and damages to plaintiff.   Plaintiff will
21 hereafter seek leave of the Court to amend this Complaint to show the defendants' true
22 names and capacities after the same have been ascertained.

23       8.      Plaintiff is informed and believe, and thereon allege, that at all times
24 mentioned herein, Defendants USA Fencing, Hamza, and DOES 1 through 50,
25 inclusive, and each of them, were agents, servants, employees, successors in interest,
26 and/or joint venturers of their co-defendants, and were, as such, acting within the
27 course, scope, and authority of said agency, employment, and/or venture, and that
28 each and every defendant, as aforesaid, when acting as a principal, was negligent in

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

the selection and hiring of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

9.     Plaintiff alleges that due to the damage sought in this matter, under Rule 8(b) of the Arizona Rules of Civil Procedure, it should be placed under **Tier 3**.

**FACTS COMMON TO ALL CLAIMS**

10.     Plaintiff Jane Doe was born on November 9, 1978.

11.     The Amateur Sports Act specifically named the US Olympic Committee (USOC) as the coordinating body for amateur athletic activity in the US directly relating to international Olympic athletic competition.

12.     Within the Amateur Sports Act, Defendant USA Fencing is recognized as the National Governing Body for the sport of fencing within the United States. As a National Governing Body, Defendant USA Fencing manages all aspects of the sport of fencing within the United States, and it is responsible for training, competition, and the    development    of    fencing.    See    https://www.teamusa.org/About-the-USOPC/Structure .

13.     This    management    responsibility    also    includes    scheduling    the tournaments held within the United States throughout the year. These national tournaments    include    the    Junior    Olympic    Championships,    the    National Championships and other national tournaments such as the North American Cup. Whether a fencer qualifies for Team USA depends, in part on how many points a fencer receives at these tournaments.

14.     Driven by a wish to become a more competitive fencer, Plaintiff began attending the Rice Fencing Club's weekly pools in Houston, Texas. There, Plaintiff met Defendant Hamza in 1994, when she was fifteen years old. At the time, Defendant Hamza was a legal adult while Plaintiff was a minor child.

15.     At that time, Defendant Hamza was revered as a fencer and thought of as a "god" within the fencing community, he was a charismatic person and had a modern fencing style. When Defendant Hamza was around, the fencing group seemed

4

much more intense. Plaintiff knew Defendant Hamza took teams to Defendant USA Fencing nationals competitions and she was aware that coaches needed to have a relationship with their students, to a degree. However, Defendant Hamza was very selective in who he wanted to see doing their best.

16.    Defendant Hamza, an adult at that time, used his renown and prestigious as a fencing coach to take advantage of Plaintiff and eventually coerce Plaintiff into an abusive sexual relationship with him when she was still a minor child. What began as a typical relationship between student-athlete and coach warped into something far more disturbing. Defendant Hamza used the student-athlete – coach relationship to get closer to Plaintiff. As time passed, the relationship went beyond that of a typical student-athlete coach relationship. Defendant Hamza became closer to and friendlier to Plaintiff.

17.    Plaintiff was under Defendant Hamza's supervision and remained under Defendant Hamza's supervision as the relationship warped. Defendant Hamza used the student-athlete and coach relationship to gain Plaintiff's trust. Plaintiff recalls that the relationship was far more intense than other student-athlete-coach relationships.

18.    Defendant Hamza eventually began driving Plaintiff to her home, just said defendant and Plaintiff alone in the vehicle.  Upon information and belief, Defendants USA Fencing and DOES 1 through 50, inclusive, knew that Defendant Hamza was driving to and from USA Fencing events with Plaintiff, a minor, in this manner, yet failed to supervise, discipline, or deter this this inappropriate behavior.

19.    During these drives Hamza began exhibiting grooming behaviors. In the Summer of 1995, Plaintiff was constantly training for fencing. During that time, Defendant Hamza gave Plaintiff rides to her home after these USA Fencing events and practices. Specifically, Defendant Hamza would pull over into a parking lots and would engage Plaintiff in serious discussions. On one occasion, Defendant Hamza pulled over the vehicle and asked Plaintiff "how do you feel about me?" Plaintiff replied that Defendant Hamza was her friend.  Defendant Hamza then incessantly

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

demanded to know whether Plaintiff loved him. Defendant Hamza's questioning was so unrelenting that Plaintiff finally gave in and said, "I love you as my friend." Defendant Hamza then kissed Plaintiff. Plaintiff was terrified and froze in response.

20.     Defendant Hamza repeatedly told Plaintiff he loved her, he would kiss Plaintiff, and he would insist Plaintiff touch him. Further, Defendant Hamza would tell Plaintiff he wanted to marry her and that they were meant to be together. These comments horrified Plaintiff, and she was frightened. Plaintiff sought to explain that she and Defendant Hamza were friends.

21.     Despite Plaintiff's clear discomfort with Defendant Hamza's statements, Defendant Hamza continued to escalate the physical contact. Defendant Hamza's actions escalated to the point where he would take Plaintiff's hand and put it down his pants. Plaintiff was sixteen at the time. Additionally, he would also take her hand and place it on his penis. Plaintiff would remove her hand only for Defendant Hamza to put it back. As time went on, Defendant Hamza coerced Plaintiff to perform oral sex on Defendant Hamza.

22.     Defendant Hamza's grooming strategies also consisted of isolating Plaintiff. Defendant Hamza would schedule Plaintiff's fencing lessons, in the course and scope of his employment with Defendant USA Fencing, with no one else around. Rather than coach Plaintiff as he was supposed to, Defendant Hamza would take Plaintiff to his house where he would have inappropriate sexual contact with Plaintiff.

23.     On another occasion, another example of Defendant Hamza's grooming behavior, Defendant Hamza took Plaintiff and another student to his home after practice. At Defendant Hamza's home, Plaintiff entered the shower. Shortly after Plaintiff entered the shower, Defendant Hamza entered the bathroom naked and stepped into the shower with her. He then proceeded to kiss her, he touched Plaintiff, and he penetrated Plaintiff with his fingers. Plaintiff then touched Defendant Hamza's penis.

24.     Defendant Hamza also gave Plaintiff various gifts. Among these gifts

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

were a wallet for Plaintiff's sixteenth birthday and a gold hieroglyph charm that spelled out her name from Egypt for her seventeenth birthday, and stuffed animals. Defendant Hamza subsequently gave at least three other minor victims in the sport of fencing a necklace with hieroglyphs.

25.     Despite being close to her parents, Plaintiff did not tell her parents about Hamza's actions or the nature of the relationship, causing Plaintiff to feel ashamed.

26.     Defendant Hamza constantly communicated with Plaintiff. He would call Plaintiff's home and let the phone ring once as a way to let her know he was thinking about her, with the expectation that Plaintiff reciprocate. Plaintiff's parents became concerned by the frequency of the calls because they did not know who was calling and hanging up. Plaintiff had to beg Defendant Hamza to stop calling.

27.     Plaintiff continued to compete in tournaments organized by Defendant USA Fencing. Plaintiff never made it onto the Olympic team, but throughout her fencing career, Plaintiff qualified for the NCAA's, she received a silver medal at USA Fencing Nationals, and she a well-known regional and national level competitor in the sport of fencing. Plaintiff earned the distinction of being a top national fencer and was nationally ranked. During the 1995-1996 season, Plaintiff competed in various tournaments. Such as the North American Cup tournaments, the 1996 Junior Olympic Championships, the 1996 National Championships. Throughout the 1994-1995 season, Plaintiff also competed in various events organized by Defendant USA Fencing, including the 1995 Junior Olympic Championships and the 1995 National Championships. During this time, she was coached and trained by Defendant Hamza.

28.     The North American Cup tournaments are Defendant USA Fencing tournaments that Defendant USA Fencing is responsible for overseeing. In December 1995, shortly after Plaintiff's seventeenth birthday, Defendant USA Fencing held the North American Cup #2 from December 15 through December 17, 1995 in Phoenix, Arizona. (American Fencing Magazine Spring 1996, 30). Plaintiff and Defendant Hamza both competed at this tournament. Defendant Hamza, who is listed as Maher

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   Hamza, competed in the Men's Foil category and finished seventeen out of thirty-

2   two. (American Fencing Magazine Spring 1996, 31).

3        29.    Prior to the time of Plaintiff's abuse, USA Fencing created "the USA

4   Fencing Member Club concept" which provided guidance, oversight, and structure to

5   member clubs (American Fencing Magazine Spring 1996, 10).  Defendant Hamza's

6   fencing club was a USA Fencing Member Club during the time period of Plaintiff's

7   sexual abuse. Defendant Hamza would have also been a registered member of the

8   USA Fencing Coaches Association (American Fencing Magazine Winter 1995, 5).

9   Further, under the February 1994 USFA Operations Manual Chapter VI.1, USA

10  Fencing "maintained close relations with other sports organizations including the US

11  Fencing Coaches Association. Most of the active fencing coaches in the United States

12  are also members of USFA." Plaintiff met Defendant Hamza in 1994 when she was

13  fifteen years old. The February 1994 USFA Operations Manual Chapter VII.3

14  indicated that the Board of Directors relies heavily on standing committees and

15  special committees that are nominated by the president. Of these committees, the

16  Junior Development Committee, following the standards set forth by the Board of

17  Directors, was as of February 1994, responsible for "[distributing] information on

18  how to organize Junior Development Programs and otherwise assist in the buildup

19  throughout the country of this most important USFA activity,"

20       30.    As part of its role in overseeing the sport of fencing, Defendant USA

21  Fencing also arranges host hotels for competitors, coaches, and officials to stay at

22  during tournaments. Plaintiff, Defendant Hamza, athletes, coaches, and other

23  Defendant USA Fencing officials stayed at the same hotel arranged by USA Fencing

24  for the North American Cup #2 tournament. The hotel and the competition venue were

25  located near each other, and Plaintiff recalls walking to the venue from the hotel.

26  Upon information and belief, Defendant USA Fencing staff and personnel had

27  knowledge of the fact that Defendant Hamza was associating with Plaintiff in this

28  manner, yet failed to discipline, supervise, or prohibit the behavior.

31.     Since Plaintiff and Defendant Hamza were the sole members of their fencing club who attended the tournament, Defendant Hamza stayed in the same room as Plaintiff and made no attempts to conceal that he and Plaintiff were staying in the same room. At one point, Defendant Hamza commented to Plaintiff that he thought the risk of getting caught was low.

32.     Defendant Hamza pressured Plaintiff into engaging in vaginal sex. Defendant Hamza deliberately waited until after Plaintiff's seventeenth birthday for "real sex" because he admitted that Plaintiff could get him into a lot of trouble. Defendant Hamza even went as far as telling Plaintiff his fate was in her hands and that it was up to Plaintiff, who was seventeen years old, to protect Defendant Hamza, who was a legal adult.

33.     When the physical trauma of the first time vaginal abuse caused Plaintiff to bleed afterward, Defendant Hamza was happy because to him, it meant that Plaintiff was a virgin. Defendant Hamza spoke of Plaintiff's purity and was obsessed with it. Hamza loved Plaintiff because she was pure and repeatedly told her he loved her because she was pure. Before then, Defendant Hamza had pressured Plaintiff into oral sex and touching. Once Defendant Hamza pressured Plaintiff into vaginal sex, Plaintiff thought she had broken the last rule since she was raised to believe in saving oneself for marriage.

34.     For Plaintiff, she merely tolerated as he had sex with her, and for the remainder of the relationship, it was about his satisfaction while she hoped to get it over with as quickly as possible.

35.     While on the trip in Arizona at the North American Cup, Plaintiff's mother notified her about an envelope from Princeton, and rather than feel happy about the prospect of being accepted into a competitive university, she kept quiet about it and feared how Defendant Hamza would react to the envelope.

36.     As time went on Hamza continued to pressure Plaintiff into sex with his role and status in Defendant USA Fencing. Plaintiff was very resistant to Defendant

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

9

Hamza's demands and Plaintiff repeatedly rebuffed Defendant Hamza's attempts to coerce sex from Plaintiff. Plaintiff recalls engaging in sex in the yoga studio located above the fencing training area. Defendant Hamza would also take Plaintiff to his house, have sex with Plaintiff, then go back to practice. Hamza would even stop on the side of the street and have Plaintiff perform oral sex on him before driving her home. This continued throughout Plaintiff's senior year of high school. Defendant Hamza would pick Plaintiff up during Plaintiff's long lunch, take her to his home, and then he would drive her back to school. By this point, Defendant Hamza had asserted control over the relationship.

37.     By then, Defendant Hamza asserted control over the relationship and over many aspects of Plaintiff's life. This control increased over time and continued to worsen. Throughout her senior year of high school, Defendant Hamza's control of Plaintiff was so pervasive he essentially did whatever he wanted to do with her. On one occasion, Defendant Hamza held Plaintiff down and forced himself onto Plaintiff without a condom even though Plaintiff kept saying no to him and begged him to stop. As Plaintiff struggled against Defendant Hamza, he merely laughed.

38.     Defendant Hamza attempted to dissuade Plaintiff from attending Princeton and even tried to convince her to attend Rice University in Houston instead. When Defendant Hamza was unable to keep Plaintiff from Princeton, he then insisted Plaintiff have a single dorm to herself or have roommates. Defendant Hamza then continued to assert control over Plaintiff by requiring Plaintiff speak with him daily, and if Plaintiff did not comply, there would be hell to pay. If Plaintiff did not call him, he would call her a slut and ask where she was. On one occasion, Plaintiff became ill and had to spend the night in the university infirmary. When Plaintiff returned to her dorm, she found Defendant Hamza had left increasingly angry voicemails, calling her names, and claiming Plaintiff was "such a whore" and that she could not be trusted. On another occasion, Defendant Hamza visited Plaintiff at Princeton and stayed in her dorm.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

39.     Defendant Hamza's behavior and control over Plaintiff prevented Plaintiff from forming meaningful relationships, and it severely stunted her social development. Defendant Hamza was hostile to Plaintiff forming a friendship with another fencer. When Plaintiff began exchanging emails with the other fencer, Defendant Hamza confronted Plaintiff, demanding to know who she had been speaking to; Defendant Hamza then called Plaintiff a liar. Plaintiff then realized Defendant Hamza had hacked her school email account and had read through her emails without her permission.

40.     Before this, Plaintiff had briefly dated a fencer at the Rice Fencing Club. In response, Defendant Hamza was incredibly hostile towards Plaintiff's relationship with her then boyfriend, arguing the relationship would distract Plaintiff from Defendant USA Fencing activities and from her studies.

41.     Defendant Hamza's status as a high caliber fencing coach meant that once their relationship went beyond that of a typical student-athlete/coach, for Plaintiff, it meant that there was no going back because if anyone found out, it would have meant the end of fencing for Plaintiff.

42.     Plaintiff is an only child and adores her parents. Defendant Hamza took advantage of this and introduced a level of deceit Plaintiff has not recovered from, and Plaintiff's mother does not know about the relationship with Defendant Hamza. Defendant Hamza put Plaintiff in a position where she had to repeatedly lie to her parents.

43.     Defendant Hamza's grooming behavior enabled him to abuse Plaintiff for over four years. As Plaintiff got older, she began realizing how unhealthy the relationship was. The last sexual contact Defendant Hamza had with Plaintiff was during a Winter North American Cup tournament. Plaintiff's father paid for the hotel room Defendant USA Fencing had arranged for Plaintiff and Defendant Hamza stayed at during the North American Cup tournament. Plaintiff and Defendant Hamza had been fighting. Plaintiff asked Defendant Hamza, shaking him, what he wanted from

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

her. Defendant Hamza replied that he wanted her to be "normal." At that point, Defendant Hamza threw Plaintiff off of him. Plaintiff landed on the floor. Then she took her stuff and left the room and spent the night in the lobby. Plaintiff never saw him again.

44. Over the years, Defendant Hamza developed a pattern of grooming young girls who aspired to become high level fencers. In particular, Defendant Hamza targets young fencers who have complicated home lives. For example, among the young girls who Defendant Hamza groomed are girls who have lost a parent to suicide, girls who have divorced parents, and parents who lack the necessary skills to raise a child.

45. As recently as 2014, Defendant Hamza was accused of inappropriate conduct a student fencer. Since December 4, 2019, Defendant Hamza has been designated as a former member ineligible for membership pending results of an investigation by the U.S. Center for SafeSport. This decision was subject to appeal by the Responding Party.

46. Plaintiff could not consent to any acts by Defendant Hamza. Defendant Hamza knew or should have reasonably known that Plaintiff could not consent since she was a minor at the time of the incident. At the time of the assault in December 1995 in Phoenix, Arizona, Plaintiff had just turned seventeen in November 1995. Defendant Hamza knew Plaintiff had just turned seventeen and believed that because Plaintiff was seventeen, it would help him avoid trouble, despite this still being illegal sexual contact with a minor.

47. As the National Governing Body of fencing, Defendant USA Fencing was responsible for overseeing Defendant Hamza and providing for the safety of those who participated in its competitions, tournaments, and/or championships as well as those who received training by coaches associated – whether officially or in effect – with Defendant USA Fencing.

48. Upon information and belief, there are unnamed DOES who suspected

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Defendant Hamza was abusing the fencers under his care, and at the very least, there are unnamed Does who suspected that Defendant Hamza was acting inappropriately towards his fencers.

49.     Defendant USA Fencing has had issues with Hamza in the past. (Arbitration Agreement Mauro Hamza and USA Fencing).

50.     Defendant USA Fencing is responsible for setting the schedule for fencing events around the nation. From 1992 to 1996, at the time of the events, Stephen B. Sobel was the then president of USA Fencing. USA Fencing had three Executive Directors from 1992 to 1996, these were Carla Mae Richards (1992-1994), Seldon Fritschner (1994-February 1995), and William A. Goering (interim, 1995). Additionally, from 1996 to 2000, Donald W. Alperstein was the president of USA Fencing. Further, beginning in 1996, Michael Massik was the Executive Director of USA Fencing.

51.     Plaintiffs are further informed an believe, and based thereupon allege, that Defendant USA Fencing's current or former managing agents, including but not limited to Stephen B. Sobel, Carla Mae Richards, Seldon Fritschner, William A. Goering, Donald W. Alperstein, and Michael Massik made the conscious decision to continue to employ Defendant Hamza when the aforementioned abuse to Plaintiff occurred, with knowledge of his unfitness for the position as well as one-on-one time with Plaintiff while she was a minor.

## COUNT 1

### (SEXUAL CONDUCT OR CONTACT PURSUANT TO HOUSE BILL 2466 AS AGAINST DEFENDANT HAMZA)

52.     Plaintiff re-allege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

53.     House Bill 2466, Chapter 259, passed by the Arizona legislature and signed into law as an emergency enactment by the Governor of the State of Arizona, states, in relevant part, as follows:

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

"Notwithstanding any other law, a cause of action for damages described in subsection A, paragraph 1 of this section that involves sexual conduct or sexual contact and that would be time barred under section 12-514, Arizona Revised Statutes, as added by this act, or that would otherwise be time barred because of an applicable statute of limitations, a claim presentation deadline or the expiration of any other time limit is revived and may be commenced before December 31, 2020."

54.     Plaintiff therefore brings this claim pursuant to House Bill 2466 and A.R.S. §12-514, "an injury that a minor suffers as a result of another person's negligent or intentional act if that act is a cause of sexual conduct or sexual contact committed against the minor."

55.     Defendant Hamza had a duty to exercise reasonable care to Plaintiff.

56.     Defendant Hamza breached that duty when he sexually assaulted Plaintiff on numerous occasions while she was as minor and he an adult.

57.     As a direct and proximate result of Defendant Hamza's actions, Plaintiff sustained injuries that have caused pain, suffering, mental, and emotional anguish, and a general decrease in the quality of life.

## COUNT 2

### (NEGLIGENCE PURSUANT TO HOUSE BILL 2466 AS AGAINST DEFENDANT USA FENCING AND DOES 1-50)

58.     Plaintiff re-allege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

59.     Plaintiff brings this claim pursuant to House Bill 2466 and A.R.S. §12-514, "The failure to report pursuant to § 13-3620 sexual conduct or sexual contact committed against a minor", and 13-3620.

60.     House Bill 2466, Chapter 259, passed by the Arizona legislature and signed into law as an emergency enactment by the Governor of the State of Arizona,

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

14

states, in relevant part, as follows:

"A cause of action revived pursuant to subsection B of this section may be brought against a person who was not the perpetrator of the sexual conduct or sexual contact if that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent."

61.    House Bill 2466, Chapter 259, codified as A.R.S. §12-514 (B)(1) defines person as an individual, the United States, this state or a public or private corporation, local government unit, public agency, partnership, association, firm, trust or estate or any other legal entity

62.    Defendants USA Fencing and DOES 1 through 50, inclusive, had a duty to warn, safeguard, and/or protect Plaintiff while a minor from sexual contact and conduct with Defendant Hamza.

63.    Upon information and belief, Defendants USA Fencing and DOES 1 through 50, inclusive, breached that duty as they knew or otherwise had actual notice of misconduct by Defendant Hamza that created an unreasonable risk of sexual conduct or sexual contact with Plaintiff and negligently failed to protect Plaintiff while a minor from sexual contact and sexual conduct with Defendant Hamza.

64.    As a direct and proximate result of Defendant USA Fencing and DOES 1 through 50, inclusive, actions, Plaintiff sustained injuries that have caused pain, suffering, mental, and emotional anguish, and a general decrease in the quality of life.

## COUNT 3

## (NEGLIGENCE PER SE AS AGAINST ALL DEFENDANTS)

65.    Plaintiff re-allege and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

66.    At all times relevant to this action, Defendants were obligated to follow and abide by Arizona statutes designed to protect a class of individuals of which

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

Plaintiff is a member.

67.     The statutes violated by Defendants include, but are not limited to, A.R.S. §13-1303, 13-1406, 12-514, and 13-3620.

68.     At all times relevant to this action, Defendants, all of them, violated the obligations of these Arizona statutes, and in the process caused Plaintiff injury and damages.

69.     As a direct and proximate result of Defendants acts and omissions, in violation of Arizona statute, Plaintiff has suffered, and will continue to suffer injury and damage.

**WHEREFORE,** Plaintiff requests the Court enter judgment in her factor, and against Defendants, as follows:

A.     For general damages,

B.     For special damages,

C.     For taxable costs incurred herein,

D.     For post judgment interest; and

F.     For any further the Court deems appropriate.

DATED: December 21, 2020          PANISH SHEA & BOYLE LLP


By: _____

Alexander Behar
Attorneys for JANE DOE

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

16

Person Filing: Alexander J. Behar
Address (if not protected): 11111 Santa Monica Blvd., Suite 700
City, State, Zip Code: Los Angeles, CA 90025
Telephone: 310-689-7761
Email Address: behar@psblaw.com
Lawyer's Bar Number: 034579

FOR CLERK'S USE ONLY

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

JANE DOE

PLAINTIFF,

vs.

UNITED STATES FENCING ASSOCIATION

MAURO HAMZA

DEFENDANT.

Case Number: _____

## CERTIFICATE OF COMPULSORY ARBITRATION

**\*Notice to Defendant: If you agree with the Plaintiff's Certificate of Compulsory Arbitration, you DO NOT need to file this form.**

The undersigned certifies that this case is (Please check **ONLY** one option below):

☐ **Subject to Arbitration** – The amount of money in controversy **DOES NOT** exceed $50,000, **AND** no other affirmative relief is sought.

☒ **Not Subject to Arbitration** – The amount of money in controversy **DOES** exceed $50,000, **OR** other affirmative relief is sought.

\*Defendant – If you DISAGREE with the Plaintiff's Certificate of Compulsory Arbitration, please explain why you disagree below:

_____
_____
_____

SUBMITTED this 21st day of December, 20 20.

SIGNATURE _____

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 1

CV03f 120319

**Person Filing:** Alexander J. Behar
**Address (if not protected):** 11111 Santa Monica Blvd, Suite 700
**City, State, Zip Code:** Los Angeles, CA 90025
**Telephone:** 310-689-7761
**Email Address:** behar@psblaw.com
**Lawyer's Bar Number:** 034579

Representing ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Plaintiff   OR  ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

JANE DOE
Name of Plaintiff

Case Number: _____

Title:  **PLAINTIFF'S DEMAND for JURY TRIAL**

UNITED STATES FENCING ASSOCIATION et al.
Name of Defendant

Plaintiff, JANE DOE _____, demands a trial by jury in this case. If this
                    *(Name of Plaintiff)*

case is sent to compulsory arbitration, Plaintiff demands a trial by jury if there is an appeal

from that compulsory arbitration.

Dated this _____           _____
            *(Date of signature)*              (Signature of Plaintiff or Plaintiff's Attorney)

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED                    Page 1 of 1                    CVC11f  050718

Person Filing: <u>Alexander J. Behar</u>
Address (if not protected): <u>11111 Santa Monica Blvd., #700</u>
City, State, Zip Code: <u>Los Angeles, CA 90025</u>
Telephone: <u>310-689-7761</u>
Email Address: <u>behar@pshlaw.com</u>
Lawyer's Bar Number: <u>034579</u>

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Plaintiff OR ☐ Defendant

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

JANE DOE
_____
Name of Plaintiff

Case No.: _____

**SUMMONS**

And

UNITED STATES FENCING ASSOCIATION,
_____
Name of Defendant   MAURO HAMZA, and DOES 1
through 50, Inclusive

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.**
**If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** <u>UNITED STATES FENCING ASSOCIATION</u>
Name of Defendant

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."*

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR*

   - Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR*

   - Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR*

   - Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 031820

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    - 601 West Jackson, Phoenix, Arizona 85003
    - 18380 North 40th Street, Phoenix, Arizona 85032
    - 222 East Javelina Avenue, Mesa, Arizona 85210
    - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

7.  Eviction Actions/Forcible Detainers: If you want to request a telephonic hearing, please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

SIGNED AND SEALED this date                    _____

                                               **CLERK OF SUPERIOR COURT**

By_____
               **Deputy Clerk**

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
12/23/2020 10:36:16 AM
Filing ID 12362103

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

**Plaintiff's Attorneys:**
Alexander Behar - Primary Attorney
Bar Number: 034579, issuing State: AZ
Law Firm: Panish, Shea & Boyle, LLP
11111 Santa Monica Blvd Suite 700
Los Angeles, CA 90025
Telephone Number: (310)477-1700
Email address: behar@psblaw.com

CV2020-017055

Michelle Simpson Tuegel
Bar Number: 24075187, issuing State: TX
Law Firm: The Simpson Tuegel Law Firm
Telephone Number: (214)774-9121

**Plaintiff:**
Jane Doe

**Defendants:**
United States Fencing Association
210 USA Cycling Point Suite #120
Colorado Springs, CO 80919

Mauro Hamza

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Negligence

AZturboCourt.gov Form Set #5262474

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
12/23/2020 10:36:16 AM
Filing ID 12362105

Person/Attorney Filing: Alexander Behar
Mailing Address: 11111 Santa Monica Blvd Suite 700
City, State, Zip Code: Los Angeles, CA 90025
Phone Number: (310)477-1700
E-Mail Address: behar@psblaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034579, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Jane Doe
Plaintiff(s),
v.
United States Fencing Association, et al.
Defendant(s).

Case No. **CV2020-017055**

**SUMMONS**

To: United States Fencing Association

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *December 23, 2020*

*JEFF FINE*
Clerk of Superior Court

By: *CECILIA CUELLAR*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

2