Jefferson T. Collins, Bar #016428
Patrick C. Gorman, Bar #028817
Kathryn L. Hunnicutt, Bar #036257
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7872
pgorman@jshfirm.com
khunnicutt@jshfirm.com

Attorneys for Defendant United States Fencing Association

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>United States Fencing Association, Mauro Hamza, and Does 1 through 50, Inclusive,<br><br>　　　　　　　　　　Defendant. | NO. 2:21-cv-00551-SRB<br><br>**DEFENDANT UNITED STATES FENCING ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant United States Fencing Association (hereinafter "Defendant USFA"), by and through undersigned counsel, for its Answer to Plaintiff's Complaint, admits, denies, and alleges as follows:

Defendant USFA denies each and every, all and singular, of the allegations contained in Plaintiff's Complaint and each claim for relief thereof which is not hereinafter expressly admitted or otherwise pleaded to.

**JURISDICTIONAL ALLEGATIONS**

9263704.1

1. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of this Complaint, and therefore denies the same.

2. In response to Paragraph 2, Defendant USFA admits it is recognized as the National Governing Body for the sport of fencing in the United States, is a non-profit corporation, and is a Colorado entity with its principal place of business located at 210 USA Cycling Point, Suite #120, Colorado Springs, CO 80910. Defendant denies any remaining allegations contained in Paragraph 2 of this Complaint.

3. Defendant USFA denies the allegations contained in Paragraph 3 of this Complaint.

4. Defendant USFA denies the allegations contained in Paragraph 4 of this Complaint.

5. Defendant USFA denies the allegations contained in Paragraph 5 of this Complaint. Further, Defendant USFA denies that Maricopa is the only proper venue for this action, as the same has been removed to the Arizona District Court on the basis of diversity jurisdiction.

6. Defendant USFA denies the allegations contained in Paragraph 6 of this Complaint.

7. In response to paragraph 7, no affirmative response is required because it does not contain an allegation of fact. To the extent a response is required, Defendant denies the same.

8. Defendant USFA denies the allegations contained in Paragraph 8 of this Complaint.

9263704.1

9. Defendant USFA admits Plaintiff has alleged damages exceeding those required to categorize this as a Tier 3 Claim. Defendant USFA denies any remaining allegations contained in Paragraph 9 of this Complaint.

## FACTS COMMON TO ALL CLAIMS

10. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of this Complaint, and therefore denies the same.

11. The allegations contained in Paragraph 11 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA denies the same.

12. In response to Paragraph 12, Defendant USFA admits it is the National Governing Body for the sport of fencing within the United States. Defendant USFA denies any remaining allegations contained in Paragraph 12 of this Complaint.

13. In response to Paragraph 13, Defendant USFA admits that it schedules and manages certain national fencing tournaments held in the United States throughout the year. Defendant denies any remaining allegations contained in Paragraph 13 of this Complaint.

14. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of this Complaint, and therefore denies the same.

15. The allegations contained in Paragraph 15 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies the same.

9263704.1

16. The allegations contained in Paragraph 16 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore denies the same.

17. The allegations contained in Paragraph 16 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies the same.

18. In response to Paragraph 18, Defendant USFA is without sufficient information to form a belief as to the truth of the allegation that Defendant Hamza began driving Plaintiff to her home, and was alone with Plaintiff in his vehicle. As to any remaining allegations contained in Paragraph 18 of this Complaint, Defendant USFA denies the same.

19. The allegations contained in Paragraph 19 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore denies the same.

20. The allegations contained in Paragraph 20 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA denies the same.

21. The allegations contained in Paragraph 21 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21, and therefore denies the same.

22. The allegations contained in Paragraph 22 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is

9263704.1

required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 22, and therefore denies the same.

23. The allegations contained in Paragraph 23 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23, and therefore denies the same.

24. The allegations contained in Paragraph 24 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24, and therefore denies the same.

25. The allegations contained in Paragraph 25 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25, and therefore denies the same.

26. The allegations contained in Paragraph 26 are not directed towards Defendant USFA, and accordingly no response is required. To the extent a response is required, Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore denies the same.

27. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of this Complaint, and therefore denies the same.

28. In response to Paragraph 28, Defendant USFA admits that it held the North American Cup #2 from December 15 through December 17, 1995, in Phoenix, Arizona and that Defendant Hamza, listed as Maher Hamza, competed in the Men's Foil category and finish seventeenth out of thirty-two. Defendant USFA denies any remaining allegations contained in Paragraph 28 of this Complaint.

9263704.1

29. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of this Complaint and therefore denies the same, except respectfully refers to the alleged publications for their accurate and complete contents.

30. Defendant USFA denies the allegations contained in Paragraph 30 of this Complaint.

31. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of this Complaint, and therefore denies the same.

32. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of this Complaint, and therefore denies the same.

33. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of this Complaint, and therefore denies the same.

34. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of this Complaint, and therefore denies the same.

35. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of this Complaint, and therefore denies the same.

36. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of this Complaint, and therefore denies the same.

9263704.1

37.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of this Complaint, and therefore denies the same.

38.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of this Complaint, and therefore denies the same.

39.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of this Complaint, and therefore denies the same.

40.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 40 of this Complaint, and therefore denies the same.

41.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 41 of this Complaint, and therefore denies the same.

42.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 42 of this Complaint, and therefore denies the same.

43.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 43 of this Complaint, and therefore denies the same.

44.   Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 44 of this Complaint, and therefore denies the same.

9263704.1

45. In response to Paragraph 45, Defendant USFA admits that in 2014, Defendant Hamza was accused of inappropriate conduct with a student-fencer. Defendant denies any remaining allegations contained in Paragraph 45 of this Complaint.

46. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 46 of this Complaint, and therefore denies the same.

47. Defendant USFA denies the allegations contained in Paragraph 47 of this Complaint.

48. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 48 of this Complaint, and therefore denies the same.

49. Defendant USFA denies the allegations contained in Paragraph 49 of this Complaint.

50. In response to Paragraph 50, Defendant USFA admits that it organizes certain national fencing tournaments held in the United States throughout the year. Defendant USFA also admits that Stephen B. Sobel was president of USFA from 1992 to 1996, Donald W. Alperstein was president from 1996 to 2000, Carla Mae Richards was Executive Director from 1992 to 1994, Selden Fritschner was Executive Director from 1994 to February 1995, William A. Goerig was interim Executive Director in 1995, and Michael Massik was Executive Director from 1996 to 2008. Defendant USFA denies the remaining allegations contained in Paragraph 50 of this Complaint.

51. Defendant USFA denies the allegations contained in Paragraph 51 of this Complaint.

## **COUNT I**

**(SEXUAL CONDUCT OR CONTACT PURSUANT TO HOUSE BILL 2466 AS AGAINST DEFENDANT HAMZA)**

9263704.1

52. In response to Paragraph 52, Defendant USFA incorporates by reference all of its answers in the preceding paragraphs.

53. In response to Paragraph 52, no affirmative response is required because it does not contain an allegation of fact. To the extent a response is required, Defendant USFA denies the same, except respectfully refers to the alleged House Bill for its accurate and complete contents.

54. Defendant USFA denies the allegations contained in Paragraph 54 of this Complaint, except respectfully refers to the cited House Bill and Arizona Revised Statute for their accurate and complete contents.

55. Paragraph 55 does not contain an allegation of fact, and accordingly no response is required. To the extent a response is required, Defendant USFA denies the same.

56. Paragraph 56 does not contain an allegation of fact, and accordingly no response is required. To the extent a response is required, Defendant USFA denies the same.

57. Defendant USFA is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 57 of this Complaint, and therefore denies the same.

## COUNT 2

**(NEGLIGENCE PURSUANT TO HOUSE BILL 2466 AS AGAINST DEFENDANT USA FENCING AND DOES 1-50)**

58. In response to Paragraph 58, Defendant USFA incorporates by reference all of its answers in the preceding paragraphs.

59. Defendant USFA denies the allegations contained in Paragraph 59 of this Complaint, except respectfully refers to the cited House Bill and Arizona Revised Statute for their accurate and complete contents.

9263704.1

60. Defendant USFA denies the allegations contained in Paragraph 60 of this Complaint, except respectfully refers to the cited House Bill and Arizona Revised Statute for their accurate and complete contents.

61. Defendant USFA denies the allegations contained in Paragraph 61 of this Complaint, except respectfully refers to the cited House Bill and Arizona Revised Statute for their accurate and complete contents.

62. Defendant USFA denies the allegations contained in Paragraph 62 of this Complaint.

63. Defendant USFA denies the allegations contained in Paragraph 63 of this Complaint.

64. Defendant USFA denies the allegations contained in Paragraph 64 of this Complaint.

## **COUNT 3**

### **(NEGLIGENCE PER SE AGAINST ALL DEFENDANTS)**

65. In response to Paragraph 65, Defendant USFA incorporates by reference all of its answers in the preceding paragraphs.

66. Paragraph 66 does not contain an allegation of fact, and accordingly no response is required. To the extent a response is required, Defendant USFA denies the same.

67. Defendant USFA denies the allegations contained in Paragraph 67 of this Complaint.

68. Defendant USFA denies the allegations contained in Paragraph 68 of this Complaint.

9263704.1

69. Defendant USFA denies the allegation contained in Paragraph 69 of this Complaint.

**AFFIRMATIVE DEFENSES**

70. As and for a separate defense, and in the alternative, Defendant USFA contends the Complaint must be dismissed as against Defendant USFA on the grounds that it fails to state a claim upon which relief may be granted against Defendant USFA.

71. As and for a separate defense, and in the alternative, Defendant USFA affirmatively alleges that A.R.S. § 12-514 does not apply to Defendant USFA, as Defendant Hamza was not "an employee, a volunteer, a representative, or an agent" of Defendant USFA, and Plaintiff's claim is therefore time-barred as against Defendant USFA.

72. As and for a separate defense, and in the alternative, Defendant USFA affirmatively alleges that A.R.S. § 13-3620 does not apply to Defendant USFA as Defendant USFA is not a "person" required to report under the statute, was not among the specified categories of mandatory reporters, and was not otherwise a "person who had responsibility for the care or treatment of the minor."

73. As and for a separate defense, and in the alternative, Defendant USFA contends that Plaintiff's Complaint fails to properly allege a claim under House Bill 2466 or A.R.S. § 12-514.

74. As and for a separate defense, and in the alternative, Defendant USFA contends Plaintiff's Complaint is untimely, barred by the applicable statute of limitations, and barred by the delay in notifying and/or asserting such claims against Defendant USFA. The claim is thus barred by the United States Constitution and by the Constitution of the State of Arizona.

9263704.1

75. As and for a separate defense, and in the alternative, Defendant USFA alleges that the claims are barred by due process and the ex-post facto clauses of the United States Constitution.

76. As and for a separate defense, and in the alternative, Defendant USFA alleges that the claims are barred by the due process clause of the Arizona Constitution

77. As and for a separate defense, and in the alternative, Defendant USFA alleges that the claims are barred by A.R.S. § 12-505.

78. As and for a separate defense, and in the alternative, Defendant USFA asserts that it is not legally responsible for the actions of Defendant Hamza as set forth in the Complaint, as Defendant Hamza was neither an employee nor an agent of Defendant USFA.

79. As and for a separate defense, and in the alternative, Defendant USFA contends it had neither knowledge nor notice of the allegations against Defendant Hamza as set forth in the Complaint, nor of any allegations against Defendant Hamza by other individuals, at the time the alleged conduct occurred.

80. As and for a separate defense, and in the alternative, Defendant USFA contends it complied with all applicable industry standards of care.

81. As and for a separate defense, and in the alternative, Defendant USFA contends that the alleged injuries and damages to Plaintiff were caused by, or were the fault of, other Defendants, or other non-parties at fault such as potentially the Plaintiff's parents to the extent they had information about Defendant Hamza's behavior as to their child and did not report it to the Defendant USFA or law enforcement, thereby reducing or eliminating the liability of Defendant USFA.

82. As and for a separate defense, and in the alternative, Defendant USFA alleges that if, indeed, it is determined to be liable for the allegations alleged in

9263704.1

Plaintiff's Complaint, then Defendant USFA is entitled to contribution from other Defendants, names, and unnamed, by way of the doctrine of contribution.

83. As and for a separate defense, and in the alternative, Defendant USFA contends that it is a public entity and is not liable for the losses alleged in this lawsuit as they arise out of and/or are directly attributable to the conduct committed by Defendant Hamza.

84. As and for a separate defense, and in the alternative, Defendant USFA contends that it had no knowledge that Defendant Hamza had a propensity for such conduct.

85. As and for a separate defense, and in the alternative, Defendant USFA contends any injuries and damages allegedly sustained by Plaintiff were unrelated to any alleged negligence, fault, misconduct, want of care, or breach of a legal duty by Defendant USFA. As and for a separate defense, and in the alternative, Defendant USFA hereby reserves the right to assert, and preserves, all affirmative defenses available pursuant to Federal Rules of Civil Procedure 8 and 12, as they may be justified by the evidence when ascertained.

86. As and for a separate defense, and in the alternative, Defendant USFA alleges that Plaintiff's claims are barred or limited by the doctrines of waiver and estoppel.

87. Defendant USFA requests a trial by jury on all triable issues in the above-entitled matter.

**WHEREFORE,** having fault answered the Complaint, Defendant USFA prays that all relief requested therein by Plaintiffs be denied, that Plaintiff's Complaint be dismissed with prejudice, and that Defendant USFA be awarded its costs and attorneys' fees and such other relief as the Court deems appropriate under the circumstances.

9263704.1

DATED this 13th day of April 2021.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/  Patrick C. Gorman
    Jefferson T. Collins
    Patrick C. Gorman
    Kathryn L. Hunnicutt
    40 North Central Avenue, Suite 2700
    Phoenix, Arizona  85004
    Attorneys for Defendant United States Fencing Association

# CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April 2021, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Alexander Behar
PANISH SHEA & BOYLE, LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA  90025
behar@psblaw.com

Michelle Simpson Tuegel
THE SIMPSON TUEGEL LAW FIRM
3301 Elm Street
Dallas, TX  75226

Attorneys for Plaintiff

/s/  Nancy Rogitz

9263704.1